IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**PHONG NGUYEN,**

       **Petitioner,**

v.                                        Case No. 5:21-cv-00676

**D. L. YOUNG,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Phong Nguyen ("Nguyen"), (ECF No. 1), and Respondent's request that the petition be dismissed, (ECF No. 6). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Nguyen clearly is not entitled to the relief requested; therefore, the undersigned **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; that Respondent's request for dismissal, (ECF No. 6), be **GRANTED**; and this matter be **DISMISSED** and removed from the docket of the Court.

**I.**      **Factual and Procedural Background**

Nguyen filed the instant petition for a writ of habeas corpus on December 29, 2021, while incarcerated in Federal Correctional Institution, Beckley ("FCI Beckley"), a Federal

1

Bureau of Prisons ("BOP") facility located at Beaver, West Virginia. (ECF No. 1). In his petition, Nguyen challenges the failure of the BOP to consider him for placement in a residential reentry center ("RRC"). (*Id.* at 6). Nguyen states that he will be homeless when he leaves custody; therefore, he will need twelve months in a RRC to effectively transition to release. He asked a BOP employee at FCI Beckley to consider Nguyen's RRC placement eighteen months before his projected release date, but the employee refused the request, indicating that he would only recommend Nguyen for three to six months in a RRC; therefore, it was too early to consider his placement. (*Id.*). Nguyen asks the Court to "issue an injunction to order the BOP to have Petitioner appear before unit team within 17 to 19 months prior to his projected release date" for consideration of RRC placement. (*Id.* at 7).

Respondent filed a response to Nguyen's petition on February 23, 2022. (ECF No. 6). Respondent argues that the petition should be dismissed because (1) Nguyen has failed to exhaust his administrative remedies; (2) his allegations are not ripe for review; and (3) the authority to release an inmate to a community center rests solely with the BOP. (*Id.*). Respondent notes that Nguyen claims the administrative remedy process is "unavailable," but has provided no evidence in support of that claim. According to Respondent, conclusory statements that the remedy process is unavailable or futile are insufficient to waive the exhaustion requirement. (*Id.* at 3). With respect to the timing of Nguyen's petition, Respondent points out that Nguyen initiated this proceeding in December 2021 although his projected release date is not until June 2023. (*Id.* at 4-5). Respondent argues that the BOP's Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, provides that the unit team will normally undertake consideration of an inmate's release to a RRC 11 to 13 months prior to his probable release date. (*Id.* at 5). Consequently, Nguyen's claim is premature. Respondent indicates that

2

Nguyen is scheduled for consideration of RRC placement in March 2022. Finally, Respondent emphasizes that the decision of whether to place Nguyen in a RRC rests with the BOP, and the judiciary is limited to ensuring that the BOP considers the appropriate factors when undertaking the assessment. (ECF No. 6 at 6-8).

On February 24, 2022, the Court ordered Nguyen to file his reply to Respondent's request for dismissal within sixty days after receipt of the response. (ECF No. 7). The sixty days expired in late April, and Nguyen has not filed a reply memorandum. Therefore, this matter is ready for resolution.

## II. Standard of Review

Although Respondent does not identify the rule under which the request for dismissal is brought, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because Respondent filed a response concurrently with the request for dismissal, the motion should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Respondent makes two arguments: one asserting a lack of jurisdiction and one claiming that Nguyen fails to state a claim for which relief may be given. A Rule 12(c) motion asserting a lack of jurisdiction applies the same standard of review used for a motion under Rule 12(b)(1), while a failure to state a claim is analyzed using the standard of review for Rule 12(b)(6) motions. *See Humphrey v. Glob. Equity Lending, Inc.*, No. 2:08CV68, 2008 WL 5262769, at *3 (E.D. Va. Dec. 17, 2008).

A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend—as in this case—

that a pleading "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the petitioner the same procedural protection she would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

      A motion under Rule 12(b)(6) addresses whether the plaintiff's complaint includes sufficient factual allegations to state a claim upon which relief may be granted. A complaint fails to state a claim when, viewing the factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is

4

entitled to relief.'" *Iqbal*, 556 U.S. at 679. Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2nd Cir. 2007)). In deciding a Rule 12(b)(6) motion, the court must accept as true all of the factual allegations contained in the petition. *Erickson v. Pardus*, 551 U.S. 89 (2007). Nonetheless, the court is not required to accept the legitimacy of legal conclusions. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a petition must plead both a factual and legal basis for relief. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a facially plausible complaint).

### III.  Discussion

#### A. Failure to Exhaust Administrative Remedies

Respondent and Nguyen agree that Nguyen did not exhaust administrative remedies regarding his request to be considered for RRC placement. Nguyen suggests that the exhaustion requirement should be waived because "staff denied [him] to process a grievance." (ECF No. 1 at 2). Respondent argues that Nguyen's claim is factually unsupported and inconsistent with Nguyen's administrative remedy history, which shows that he has filed four remedies since his incarceration. (ECF No. 6 at 3-4).

The law is clear that an inmate should exhaust administrative remedies before filing a § 2241 petition in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008); *McClung v. Shearin,* 90 Fed. Appx. 444 (4th Circ. 2004). Nevertheless, "because exhaustion requirements for filing pursuant to § 2241 are judicially imposed, this Court has discretion to waive exhaustion in certain circumstances and proceed to the merits of petitioner's claim." *Myers v. Williams*, No. 2:15-CV-49, 2015 WL 9304550, at *4 (N.D.W.

Va. Dec. 21, 2015) (citing *LaRue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D.W. Va. Jun. 12, 2006)). The court may, in its discretion, waive exhaustion "where a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden*, Civil Action RDB–10–671, 2010 WL 1258181, * 1 (D. Md. Mar. 24, 2010) (refusing to excuse the exhaustion requirement when inmate sought maximum placement in an RRC). In addition, exhaustion may be waived when the administrative remedy process is unavailable to the inmate. *Ross v. Blake*, 578 U.S. 632, 642 (2016). In *Ross,* the Supreme Court of the United States explained that the remedy process is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44. The inmate requesting an exhaustion waiver on the basis of unavailability bears the burden of establishing by a preponderance of the evidence that "he was prevented, through no fault of his own, from availing himself of that procedure." *Washington v. Rounds,* 223 F. Supp. 3d. 452, 459 (D. Md. 2016) (citing *Graham v. Gentry*, 413 Fed. Appx. 660, 663 (4th Cir. 2011)). This burden of proof requires more than "naked assertions without any specificity or evidentiary support." *Martinez v. Warden, USP Hazelton*, No. 2:16CV31, 2017 WL 988661, at *7 (N.D.W. Va. Feb. 16, 2017), *report and recommendation adopted,* No. 2:16-CV-31, 2017 WL 988660 (N.D.W. Va. Mar. 14, 2017) (citing *Salazar v. Holder*, No. 3:14-CV-23, 2015 WL 574800, at *5 (N.D.W. Va. Feb. 11, 2015).

Here, Nguyen has not demonstrated any of the above circumstances. While he

6

claims that he was prohibited by staff from filing an administrative remedy, he has not provided any details expounding on that claim, or any evidentiary support. Accordingly, the undersigned **FINDS** that Nguyen failed to exhaust his administrative remedies, and this failure should not be excused. On the basis of his failure to exhaust alone, Nguyen's petition should be dismissed. However, the undersigned further **FINDS** that the petition should be dismissed as premature.

### *B. Prematurity of Petition*

At the outset, the undersigned notes that Nguyen does not possess a liberty interest in designation to a RRC for any portion of his sentence. *See LaRue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *16 (S.D.W. Va. Jun. 12, 2006); *Olim v. Wakinekona*, 461 U.S. 238, 244 (1983). Furthermore, as Respondent notes, while the First Step Act provides criteria for the BOP to consider when designating an inmate to a place of imprisonment, it also states unequivocally that the BOP's designation is not subject to judicial review. 18 U.S.C. 3621(b). Accordingly, this Court has no authority to consider the wisdom of the BOP's decision on the length of time Nguyen will spend in a RRC, nor can the Court order the BOP to place Nguyen in a RRC for twelve months. *In re Rice*, 33 Fed. Appx. 108 (4th Cir. 2002) (holding that the BOP's discretionary power to designate an inmate's location is plenary and a court order that the BOP transfer him from one federal prison to another was unavailable).

Pursuant to 18 U.S.C. § 3621(b), the BOP may consider an inmate for pre-release custody, which allows a prisoner to serve a portion of his sentence in the community, such as on home confinement or in a RRC. Section 3624(c)(1) governs pre-release placements. As amended by the Second Chance Act of 2007, § 3624(c) provides, in relevant part, as follows:

> (1) In general. – The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The BOP is required by § 3624(c)(6) to issue regulations ensuring that pre-release consideration be determined on an individual basis, be consistent with § 3621(b), and be of "sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). As both parties note, the BOP issued a program statement to provide guidelines to staff regarding the effective use of community corrections centers. *See* PS 7310.04 (ECF No. 6-1). This program statement indicates that a final and specific release preparation plan is normally established 11 to 13 months prior to the inmate's projected release date. (ECF No. 6-1 at 18). Nguyen filed his petition eighteen months before his projected release date. As such, Petitioner's § 2241 petition was filed prematurely under the BOP's program statement.

Respondent represented to the Court that the BOP had scheduled Nguyen for review of a release preparation plan at his unit meeting in March 2022. Nguyen did not dispute that representation. Thus, given that the assessment was scheduled to occur with the BOP's recommended time frame, the team at FCI Beckley must be given an opportunity to fulfill the BOP's statutory obligation prior to any intervention on the part of this Court. *See e.g. United States v. Holcomb*, No. CR 01-00218 KG, 2018 WL 1896542, at *2 (D.N.M. Apr. 18, 2018) ("[Petitioner's] request is premature until the BOP has acted on a Second Chance Act request"); *see also Ciocchetti v. Wiley*, 358 Fed. Appx. 20, 24 (10th Cir. 2009) (finding petitioner failed to exhaust remedies where he had declined to request placement in an RRC prior to filing the petition); *Torres*, 2018 WL 2976070, at

8

\*2 (dismissing claim where petitioner filed prior to 12 month period and did not request a placement); *United States v. Acosta-Cruz*, No. 011-CR-002(4) (SRN/FLN), 2018 WL 5801900, at \*2 (D. Minn. Nov. 6, 2018) ("Because [petitioner] has not been reviewed for pre-release RRC placement yet, his petition is premature."); *Glasper v. Ebbert*, No. 1:18-CV-00001, 2018 WL 4492976, at \*4 (M.D. Pa. Sept. 19, 2018) ("Therefore, because a final RRC placement decision had not been made at the time Petitioner filed this habeas petition, the issue was not then ripe, nor is it now."); *Porter-Bey v. Bledsoe*, 456 F. App'x 109, 111 (3d Cir. 2012) (when "neither a final decision nor a final recommendation [on RRC] has been made … [the] habeas corpus petition … is not ripe for judicial review.").

Courts should not decide a claim that is not ripe for adjudication. *See National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807 (2003). The rationale behind the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* at 807–08 (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49 (1967) ). Accordingly, the undersigned **FINDS** that Nguyen's petition for habeas relief raised a claim that was not ripe for review. Therefore, the petition should be denied and dismissed.

## IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; that Respondent's request for dismissal, (ECF No. 6), be **GRANTED**; and that this matter be **DISMISSED** and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** May 17, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge